IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY H. TURNER,

                                                    ORDER

            Petitioner,

                                                  08-cv-681-bbc

    v.

WISCONSIN DEPARTMENT OF CORRECTIONS,
COLUMBIA CORRECTIONAL OFFICIALS,
Warden, GREGORY GRAM,
Security Director, JANEL NICKEL and
CHRISTINE M. WODILL,

            Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Anthony H. Turner, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has submitted a proposed complaint. He requests leave to proceed in forma pauperis. A decision on the request will be delayed until petitioner makes an initial partial payment of the $350 filing fee as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act. Petitioner's initial partial payment cannot be calculated at this time because he has not submitted a trust fund account statement with his complaint.

It appears that petitioner has not submitted the required trust fund account statement because he wishes to use money in his release account to pay the $350 filing fee. In the

1

"Motion for Court Order" petitioner submitted with his complaint, he says that he "ha[s] $500.00 dollars in [his] inmate release account" and "would like to pay the filing fee . . . in full." Although this court appreciates the initiative petitioner has shown to pay the full filing fee up front, he cannot use his release account funds in the manner he requests. Petitioner should be aware that the language of 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an *initial partial payment* if no other funds are available, Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). The state of Wisconsin has conceded that this provision of the Prison Litigation Reform Act supersedes any restrictions state law imposes on the availability of funds in a prisoner's release account. However, the law does not authorize or require court officials to use funds in an inmate release account to pay the full amount of the filing fee. Because petitioner cannot use his release account funds to pay the entire $350 filing fee, I will deny his motion. However, if after petitioner has submitted his trust fund account statement and an initial partial payment has been assessed, he can show that sufficient funds do not exist in his regular account to pay the assessed amount, he should be allowed to use his release account funds to pay some or all of the initial partial payment.

 Petitioner's complaint was submitted on November 7, 2008. His trust fund account statement should cover the six-month period beginning approximately May 5, 2008 and ending approximately November 7, 2008. Once petitioner has submitted the necessary

2

statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that petitioner's "Motion for Court Order," construed as a motion to use release account funds to pay the $350 filing fee, is DENIED.

Further, IT IS ORDERED, that petitioner may have until December 19, 2008, in which to submit a trust fund account statement for the period beginning approximately May 5, 2008 and ending approximately November 7, 2008. If, by December 19, 2008, petitioner fails to respond to this order, I will assume that he wishes to withdraw this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 28th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge